Michael A. Dias, SBN 183705
Alicia D. Wrest, SBN 272074
DIAS LAW FIRM, INC.
502 West Grangeville Boulevard
Hanford, California 93230
Telephone: (559) 585-7330
Facsimile: (559) 585-7335

ATTORNEYS FOR BECO DAIRY AUTOMATION, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECO DAIRY AUTOMATION, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>GLOBAL TECH SYSTEMS, INC., and DOES 1 to 50,<br><br>Defendant. | Case No. 1:12-cv-1310-LJO-S-MS<br>*Hon. Lawrence J. O'Neill*<br><br>**BECO DAIRY AUTOMATION, INC.'S ANSWER TO GLOBAL TECH SYSTEMS, INC.'S COUNTERCLAIM** |

Plaintiff/Counter-Defendant, BECO DAIRY AUTOMATION, INC. (hereinafter "Counter-Defendant") hereby respectfully submits its Answer to Defendant/Counter Claimant, GLOBAL TECH SYSTEMS, INC.'S (hereinafter "Counter-Claimant") Counterclaim for Declaratory Judgment, Breach of Contract, Interference with Prospective Economic Advantage and Misappropriation of Intellectual Property as follows:

## ANSWER

1. Counter-Defendant admits those portions of Paragraph 1 of the Counterclaim that allege Counter-Claimant is a New Mexico corporation doing business in the State of New Mexico. Counter-Defendant denies all remaining allegations of Paragraph 1 of the Counterclaim.

---

BECO DAIRY AUTOMATION, INC.'S ANSWER TO GLOBAL TECH SYSTEM, INC.'S COUNTERCLAIM                                                                                                                                                                                              1

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

2. Counter-Defendant admits the allegations of Paragraph 2 of the Counterclaim.

3. Counter-Defendant admits those portions of Paragraph 3 of the Counterclaim that alleges the trade names are not owned by Counter-Claimant, but are used by Counter-Defendant to market and sell the products. Counter-Defendant denies all remaining allegations of Paragraph 3 of the Counterclaim.

4. Counter-Defendant admits those portions of Paragraph 4 of the Counterclaim that alleges that in April of 2005, Counter-Claimant entered into an agreement with Counter-Defendant, which granted Counter-Defendant the exclusive right to market the Scan Nexus electronic milk meter, Flow Nexus detacher electronics, the PulsNexus pulsation monitor system, and the ParlorScan Software, in the continental United States, Canada, Saudi Arabia and Japan. Counter-Defendant denies all remaining allegations of Paragraph 4 of the Counterclaim.

5. Counter-Defendant denies the allegations of Paragraphs 5 through 11 of the Counterclaim.

6. Counter-Defendant admits the allegations in Paragraph 12 of the Counterclaim.

7. Counter-Defendant admits portions of Paragraph 13 of the Counterclaim that alleges that pursuant to the Cow ID Contract, Counter-Claimant was to develop certain specified modules forming Cow ID system in exchange for the compensation stated in the Cow ID Contract. Counter-Defendant denies all remaining allegations of Paragraph 12 of the Counterclaim.

8. Counter-Defendant denies the allegations of Paragraphs 14 and 15 of the Counterclaim.

9. Counter-Defendant denies the allegations of Paragraph 16 of the Counterclaim.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

10. Counter-Defendant denies the allegations of Paragraphs 17 through 19.

11. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations remaining in Paragraph 20 of the Counterclaim and therefore, denies the same.

12. Counter-Defendant denies portions of Paragraph 21 of the Counterclaim that alleges that Counter-Defendant's unauthorized representations and interferences. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations remaining in Paragraph 21 of the Counterclaim and therefore, denies the same.

13. Counter-Defendant denies portions of Paragraph 22 of the Counterclaim that alleges that the products were sold and delivered without Cross-Complaint's prior knowledge or approval, and contrary to Cross-Complainant's express instructions. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations remaining in Paragraph 22 of the Counterclaim and therefore, denies the same.

14. Counter-Defendant denies portions of Paragraph 23 of the Counterclaim that alleges that by delivering the Contracted Products outside of the geographic area previously authorized by the Distribution Agreement, contrary to the express instruction and directions of Counter-Claimant. Counter-Defendant has endangered Counter-Claimant's intellectual property.  Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations remaining in Paragraph 23 of the Counterclaim and therefore, denies the same.

15. Counter-Defendant denies the allegations of Paragraphs 24.

16. Counter-Defendant incorporates and alleges each and every allegation above as though fully set forth herein.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

BECO DAIRY AUTOMATION, INC.'S ANSWER TO GLOBAL TECH SYSTEM, INC.'S COUNTERCLAIM

17. Counter-Defendant admits portions of Paragraph 26 of the Counterclaim that alleges a controversy exists. Counter-Defendant denies all remaining allegations of Paragraph 26 of the Counterclaim.

18. Counter-Defendant denies the allegations of Paragraphs 27 through 28.

19. Counter-Defendant incorporates and alleges each and every allegation above as though fully set forth herein.

20. Counter-Defendant denies the allegations of Paragraph 30 through 32.

21. Counter-Defendant incorporates and alleges each and every allegation above as though fully set forth herein.

22. Counter-Defendant denies the allegations of Paragraphs 34 through 36.

23. Counter-Defendant incorporates and alleges each and every allegation above as though fully set forth herein.

24. Counter-Defendant denies the allegations of Paragraph 38.

25. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 39 through 41 of the Counterclaim and therefore, denies the same.

26. Counter-Defendant denies the allegations of Paragraph 42.

27. Counter-Defendant incorporates and alleges each and every allegation above as though fully set forth herein.

28. Counter-Defendant denies the allegations of Paragraph 44.

29. Counter-Defendant denies the allegations of Paragraph 45.

30. Counter-Defendant admits to portions of Paragraph 46 of the Counterclaim that alleges that ScanNexus, FlowNexus, PulsNexus and ParlorScan trade names are the property of Counter-Defendant. Counter-Defendant denies all remaining allegations of Paragraph 46 of the Counterclaim.

31. Counter-Defendant denies the allegations of Paragraph 47 through 49.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

That Counter-Claimant's action is barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

That Counter-Claimant's claims are barred or weakened under the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Counterclaim fails to state causes of actions against this Counter-Defendant upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

That Counter-Claimant's claims are barred or weakened under the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

That Counter-Claimant's claims are barred or weakened under the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Counter-Claimants' alleged damages if any, were aggravated by the Counter-Claimants' failure to use reasonable diligence to mitigate them.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

### SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Counter-Claimants' alleged damages if any, would be more than Counter-Claimant deserves and/or is entitled to receive.

### EIGHTH AFFIRMATIVE DEFENSE
### (Improper Notice of Breach)

Counter-Claimant failed to give proper notice to this Counter-Defendant of the claimed breach prior to filing this counterclaim. Notice was required, and failure to give notice deprived this Counter-Claimant of the opportunity to timely correct the breach.

### NINTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

Counter-Claimant prevented this Counter-Defendant from performing their obligations under the alleged agreement.

### TENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

That Counter-Claimant's claims are barred or weakened under the equitable parole evidence rule.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Counter-Claimants are not entitled to the relief sought by reason of their own unclean hands with regards to the claims alleged in the Counterclaim.  Counter-Claimant's claims are barred by the approval and ratification of the actions complained of therein.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

BECO DAIRY AUTOMATION, INC.'S ANSWER TO GLOBAL TECH SYSTEM, INC.'S COUNTERCLAIM                                                                                      6

### TWELFTH AFFIRMATIVE DEFESNE
### (Failure of Condition Precedent)

Counter-Claimants are not entitled to the relief sought because certain acts were contingent upon receipt of specific instructions or otherwise properly directed to be undertaken by the authority's direction and cooperation was a condition precedent to any alleged-obligation-by-these Counter-Claimant's and Counter-Claimants failed to perform an obligation under the contract.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Anticipatory Repudiation)

Counter-Claimants breached their agreement, if any, and that by reason of said breach of agreement, Counter-Defendant has been excused of their duties to perform all obligations set forth in said agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Attorney's Fees not Recoverable)

Counter-Claimant is not entitled to reimbursement of attorneys' fees because the alleged agreement did not include such a provision.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Offset)

The claims of Counter-Claimant are subject to offset based on the acts and wrongdoing of Counter-Claimant.

### SIXTEENTH AFFIRATMIVE DEFENSE
### (Accord and Satisfaction)

That Counter-Claimant is barred and prohibited from any recovery in this action by virtue of the doctrine of accord and satisfaction.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Quantum Meruit)

Counter-Claimant's recovery, if any is limited to the fair market value of the goods or services actually provided.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

That Counter-Claimant's claims are barred or weakened failed to complete or perform the services that they were hired to do.

### NINETEENTH AFFIRMATION DEFENSE
### (Lack of Consideration)

The services provided by Counter-Claimant, were so inadequate that any further recovery by Counter-Claimant would be unreasonable and unfair.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Breach of Express Warranty)

Counter-Claimant failed to honor an express warranty for the services provided. Counter-Defendant notified the Counter-Claimant of the problem within the written warranty period, but they failed to remedy it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Breach of Implied Warranty)

Counter-Claimant failed to meet the custom and standard within the industry. Counter-Defendant requested Counter-Claimant to remedy the problems but they refused to do so.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

BECO DAIRY AUTOMATION, INC.'S ANSWER TO GLOBAL TECH SYSTEM, INC.'S COUNTERCLAIM

8

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

That Counter-Claimant is barred from any type of recovery against Counter-Defendant because Counter-Claimant was well aware of the risks when starting a new business, therefore, assumed the risk knowing there was a possibility of failure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Statute of Frauds)

That any and all agreements alleged in the Counterclaim are in violation of the Statute of Frauds.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (License)

That Counter-Claimant's claims are barred by its license, consent, and acquiescence to Counter-Defendant's action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Release)

That Counter-Claimant's claims are barred or weakened under the equitable doctrine of release or discharge of contractual obligation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Fraud)

That Counter-Claimant's claims are barred or weakened from any relief, based on fraud by Counter-Claimant's and/or their agents.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Payment)

That Counter-Claimant's claims are barred or weakened by payment of all sums due and owing by Counter-Defendant.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

### TWENTY-EIGTH AFFIRMATIVE DEFENSE
### (Punitive Damages Not Permissible)

That Counter-Claimant's claims fail to state facts sufficient to state any claim upon which an award of punitive damages can be made.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Defendant Raises Further, Presently Unstated Affirmative Defenses)

These answering Counter-Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, these answering Counter-Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### THIRTIETH AFFIRMATIVE DFENSE
### (Reservation of Right to Amend Answer)

Counter-Defendant hereby gives notice that it intends to rely on such other and further affirmative defense as may become available during discovery in this action and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Counter-Defendant, BECO DAIRY AUTOMATION, INC. prays as follows in relation to its Answer:

1. That Counter-Complaints take nothing from its counterclaim.

2. That Plaintiff's be awarded its costs for suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez

Dated this 1st day of November, 2012.

DIAS LAW FIRM, INC.

/ s / Michael A. Dias
Michael A. Dias, Esq.
Attorneys for: Counter-Defendant,
BECO DAIRY AUTOMATION, INC.

Dias Law Firm, Inc.
Michael A. Dias
Jonette M. Montgomery
John C. Umscheid
Ella R. Floresca
Alicia D. Wrest
Jimmy J. Rodriguez