**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BECO DAIRY AUTOMATION, Inc.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GLOBAL TECH SYSTEMS, Inc. and DOES 1-50,**<br><br>**Defendants.** | **1:12-cv-01310 LJO SMS**<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT AND COUNTERCLAIMANT GLOBAL TECH SYSTEMS INC.'S MOTION TO STRIKE (Doc. 112)** |
| **GLOBAL TECH SYSTEMS, Inc., A New Mexico Corporation**<br><br>**Counterclaimant,**<br><br>v.<br><br>**BECO DAIRY AUTOMATION, INC., a California Corporation, and STAN BROWN, an individual,**<br><br>**Counterdefendants.** | |

**I. INTRODUCTION**

This litigation involves a dispute between Beco Dairy Inc. ("BECO") and Global Tech Systems, Inc. ("GTS") concerning the development and distribution of dairy technology.

**II. BACKGROUND OF THE CASE**

This litigation was initiated by BECO in Kings County Superior Court on July 10, 2012. Doc. 1. BECO alleged breach of contract and fiduciary duty, fraud, and intentional interference with an economic relationship. *Id.* GTS removed the action to this Court. *Id.* In response to this Court granting Defendant's (first) motion to dismiss, Doc. 14, BECO filed a First Amended Complaint. Doc. 15. GTS answered and counterclaimed against BECO, alleging breach of contract, interference, and

1

1   misappropriation of intellectual property, and requesting declaratory relief. Doc. 16. On March 11, 2013,

2   BECO filed for stipulated leave to amend its Complaint and leave was granted on March 25, 2013. Doc.

3   26.

4          Before BECO could file a second amended complaint, GTS filed for bankruptcy, and on April

5   24, 2013, an automatic stay issued. Doc. 28. The bankruptcy proceeding was dismissed on October 28,

6   2013. *In re GTS, Inc.*, 13-11396-T11, Doc. 124 (Bankr. N.M. Oct. 28, 2013). In accordance with the

7   earlier order granting leave to amend, BECO filed its Second Amended Complaint on November 12,

8   2013. Doc. 30. GTS answered and counterclaimed on November 27, 2013. Doc. 33.

9          Shortly before the dismissal for the bankruptcy was entered, GTS filed a complaint in the United

10  States District Court for the District of New Mexico against BECO, *Global Tech Systems, Inc., v. Beco*

11  *Dairy Automation, et al*. 1:13-cv-01006-JAP-KBM, Doc. 1 (D.N.M. Oct. 17, 2003) ("GTS Complaint").

12  While the GTS Complaint contained similar claims as were put forward in its counterclaims, the GTS

13  Complaint included new claims that BECO infringed on GTS-owned patents. *Id.* The New Mexico

14  Court transferred the case to the Eastern District of California, where it was renumbered as 1:14-cv-

15  00865----SKO ("Case 865"). Shortly thereafter, BECO petitioned to consolidate this (above-captioned)

16  case with Case 865 and requested leave to amend its own complaint. On December 9, 2014, the Court

17  consolidated the matters into this case. Consolidation Order, Doc 57. The Court granted BECO leave to

18  amend and closed Case 865. *Id.*

19         BECO subsequently filed a third, fourth and fifth amended version of its complaint. Docs. 59,

20  65, & 81. GTS moved to dismiss claims from each, on which the Court has ruled. The operative version

21  is the fifth amended complaint ("FAC") and alleges claims arising under contract law, fraud and patent

22  law. Doc. 81.

23         Defendant filed an answer and several counterclaims on August 3, 2015. Doc. 95. The

24  counterclaims added Stan Brown as a counter-defendant. *Id.* Plaintiff filed a motion to strike and dismiss

25  certain defenses and counterclaims. Doc. 98. On September 28, 2015, the Court granted Plaintiff's

1  motion to dismiss Defendant's breach of fiduciary duty claim as well as its request to strike its first and

2  second additional defenses, allowing Defendant leave to amend. Doc. 106. On October 12, 2015,

3  Defendant filed an amended answer and counterclaims, Doc. 107. Plaintiff timely filed its answer on

4  November 2, 2015. Answer of BECO Dairy Automation, Inc. to Global Tech Systems, Inc.'s First

5  Amended Counterclaims ("Answer"), Doc. 109.

6      Now before the Court is Defendant's motion to strike Plaintiff's sixteenth and seventeenth

7  affirmative defenses on the basis that they are insufficiently pleaded and have been previously ruled

8  upon by this Court. Def. and Counterclaimant Global Tech Systems, Inc.'s Notice of Motion and Motion

9  to Strike Pl.'s Ans. to First. Am. Compl. ("MTS"), Doc. 112. In a footnote, Defendant explains that it

10 also seeks to strike Plaintiff's second affirmative defense to the extent that it "rests on allegations of

11 inequitable conduct before the Patent Office." *Id*. at 6; n. 1. Plaintiff wrote to oppose Defendant's

12 motion as to its sixteenth and second affirmative defenses; but did not contest the motion as to its

13 seventeenth affirmative defense. Mem. of P. & A. in Opp'n to Motion to Strike ("Opposition"), Doc.

14 121. Defendant replied on December 21, 2015. "Reply," Doc. 122. The Court vacated the hearing set for

15 this motion pursuant to Local Rule 230(g).

16                          **III. STANDARD OF DECISION**

17      Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any

18 pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The

19 function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

20 litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-*

21 *Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted).

22                               **IV. ANALYSIS**

23 **A.    Sixteenth Affirmative Defense**

24      Plaintiff's sixteenth affirmative defense ("Unenforceability: Misuse") claims that Defendant

25 "cannot enforce its alleged patents against BECO due to its prior improper attempts to exploit the

3

1    patents beyond their lawful scope and threats to take legal action on the patents in connection with

2    transactions occurring outside the United States." Answer ¶ 608. The parties agree that the substance of

3    this defense mirrors claims Plaintiff made in previous versions of its complaint- claims which the Court

4    dismissed pursuant to Rule 12(b)(6). Docs. 80 and 64. Defendant argues that the Court should strike

5    Plaintiff's misuse defense on the basis that it is also not pleaded sufficiently.

6         This Court reviewed patent misuse case law in its May 8, 2015 Order. Doc. 80. Because patent

7    misuse is not normally pleaded in a complaint, the Court applied the holdings from cases that went to

8    judgment to the *Twombly/Iqbal* standard to evaluate whether Plaintiff's claims should survive Defendant's

9    motion to dismiss. *Id.* at 17-19.  Ultimately, the Court found that that a viable patent misuse claim must

10   allege facts that plausibly suggest that  a patent-holder has impermissibly broadened the scope of a patent

11   with anticompetitive effect. *Id.* at 17 (quoting *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328

12   (Fed. Cir. 2010)). Plaintiff's claim failed because it did not allege Defendant's actions caused anti-

13   competitive effects in any particular market. *Id.* at 19. While Plaintiff was granted leave to amend, *id.,* the

14   subsequent (and operative) version of the complaint does not contain such a claim.

15        As discussed in this Court's September 28, 2015 Order, Doc. 106, the "fair notice" standard

16   applies to motions to strike affirmative defenses. Under this standard, a defense must be described "in

17   general terms." *Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir. 2015). While this is less

18   demanding than the *Twombly/Iqbal* standard, it still requires a party to plead some factual basis for its

19   allegations. *Dodson v. Munirs Co., No*. CIV. S-13-0399 LKK, 2013 WL 3146818, at *2 (E.D. Cal. June

20   18, 2013)( "Fair notice generally requires that the defendant identify the nature and grounds for the

21   affirmative defense, rather than plead a detailed statement of the facts upon which the defense is

22   based."); *Qarbon.com Inc. v. eHelp Corp*., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference

23   to a doctrine, like a reference to statutory provisions, is insufficient notice."). Thus, this Court finds that

24   that a party asserting patent misuse as an affirmative defense must provide "fair notice" that a patent-

25   holder has impermissibly broadened the scope of the patent in a manner which has caused an

1   anticompetitive effect. *Princo*, 616 F.3d at 1328 ("[T]he key inquiry under the patent misuse doctrine is

2   whether, by imposing the condition in question, the patentee has impermissibly broadened the physical

3   or temporal scope of the patent grant and has done so in a manner that has anticompetitive effects."); *see*

4   *also Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc*., No. C-96-0950 DLJ, 1996 WL 467277, at

5   *4 (N.D. Cal. July 24, 1996) (holding that party pleading misuse as an affirmative defense must "state

6   how [patent-holder] has attempted to overbroadly and impermissibly construe its patent such as to cause

7   an anticompetitive effect . . .").[1] Here, Plaintiff gives fair notice of the conduct at issue ("threats to take

8   legal action on the patents in connection with transactions occurring outside of the United States"). FAC

9   ¶ 608. However, Plaintiff gives no notice as to how this conduct may have had an anticompetitive effect.

10   Plaintiff's argument that its Fourth Amended Complaint somehow makes up for this defect is

11   unavailing. Opposition at 5. First, this version is no longer operative. Second, the Court found that the

12   patent misuse claim presented in the Fourth Amended Complaint also failed to plead facts suggesting

13   Defendant's actions had an anticompetitive effect. Doc. 80 at 19.

14     Because Plaintiff did not plead the elements of the affirmative defense sufficiently, it is the

15   proper target of a motion to strike. As Defendant notes, this Court gave Plaintiff detailed instructions on

16   this issue nearly six months before Plaintiff filed its answer. Doc. 80. Plaintiff's failure to apply this

17   guidance thus far leads the Court to conclude that allowing Plaintiff another opportunity to amend would

18   be futile. *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb.

19   10, 2009) (". . .where the plaintiff has previously been granted leave to amend and has subsequently

20   failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend

21

22   _____

23   [1] Plaintiff argues that *Scimed* does not apply because it was decided before *Kohler*. Opposition at 5. The *Scimed* Court, however, evaluated "fair notice" under the Ninth Circuit's standard in *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). 1996 WL 467277, at *2. *Kohler*, however, did not cast any doubt on validity of *Wyshak*, and it remains good law.

24   Therefore *Scimed* remains persuasive authority. *See San Luis & Delta-Mendota Water Auth. v. Salazar*, No. 1:09-CV-00407OWWDLB, 2009 WL 1575169, at *18 (E.D. Cal. May 29, 2009) (noting that unpublished district court opinions provide persuasive authority).

25

1   is particularly broad.")(internal citations omitted).[2]

2   **B.    Second Affirmative Defense**

3          Plaintiff's second affirmative defense ("Unclean Hands") alleges that "[a]ll of the acts

4   complained of by GTS were caused by GTS's willful, deliberated and unjustified refusal to sell fully

5   functional products to BECO pursuant to the Product Line Agreement and the Cow ID Agreement."

6   Answer ¶ 594. Defendant requests that "[t]o the extent the Second Affirmative Defense rests on

7   allegations of inequitable conduct before the Patent Office, those allegations should be stricken, for the

8   same reasons discussed above." MTS at 6, n.1. Plaintiff argues the Court should deny this request

9   because GTO does not actually identify any text to strike. Opposition at 6, n. 2. This Court agrees that it

10  may not strike text that does not appear in a pleading. Because Defendant does not assert Plaintiff's

11  second affirmative defense is "an insufficient defense or any redundant, immaterial, impertinent, or

12  scandalous matter," it may not be challenged pursuant to Rule 12(f).

13                          **V. CONCLUSION AND ORDER**

14         For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART,

15  Defendant's motion to strike, Doc. 112, as follows:

16         The Court GRANTS Defendant's motion to strike Plaintiff's sixteenth and seventeenth

17  affirmative defenses. Plaintiff is not granted leave to amend because amendment would be futile.

18         The Court DENIES Defendant's motion to strike Plaintiff's second affirmative defense.

19  **IT IS SO ORDERED**
    **Dated: December 30, 2015**

20                                  **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**

21

22

23

24  _____

25  [2] If Plaintiff develops a new and viable theory of patent misuse at a later date, it may, of course, seek leave to amend its answer pursuant to Fed. R. Civ. P. 15. It must, however, be based on newly discovered matter, otherwise it is deemed waived.