UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECO DAIRY AUTOMATION, Inc., <br><br>Plaintiff, <br><br>v. <br><br>GLOBAL TECH SYSTEMS, Inc. and DOES 1-50, <br><br>Defendants. | 1:12-cv-01310 LJO SMS <br><br>MEMORANDUM DECISION AND ORDER RE: GLOBAL TECH SYSTEMS INC.'S MOTION TO DISMISS AND MOTION TO STRIKE COUNTERCLAIM AND ANSWER OF STAN BROWN (Doc. 114) |
| GLOBAL TECH SYSTEMS, Inc., A New Mexico Corporation <br><br>Counterclaimant, <br><br>v. <br><br>BECO DAIRY AUTOMATION, INC., a California Corporation, and STAN BROWN, an individual, <br><br>Counter-defendants. | |

## I. INTRODUCTION

This litigation involves a dispute between Beco Dairy Inc. ("BECO") and Global Tech Systems, Inc. ("GTS") concerning the development and distribution of dairy technology.

## II. BACKGROUND OF THE CASE

The procedural history of this case has been documented repeatedly in previous orders. *E.g.* Doc. 128. BECO's fifth amended complaint is operative and alleges claims arising under contract, tort and patent law against GTS. Doc. 81. GTS filed an answer and several counterclaims on August 3, 2015.

Doc. 95. The counterclaims added Stan Brown as a counter-defendant. *Id.* Its amended answer and counterclaims ("FAA"), Doc. 107, are operative. On November 5, 2015, Stan Brown filed an Answer to the FAA, ("Brown Answer"), Doc. 110, and his own cross claims ("Brown Claims") against GTS, Robert and Agnes Borchert ("the Borcherts"), Antonio Fematt and Madison One Holdings, LLC ("Madison"). Doc. 110-1 ¶¶ 2-5. Brown alleges that the cross-defendants are liable for interference with prospective economic advantage (Count I), breach of contract (Counts II & III), breach of fiduciary duty (Counts IV & V), and negligence (Count VI). Brown Claims ¶¶ 61, 68, 80, 84, 90, 95. Brown also seeks a declaratory judgment against GTS regarding the validity of several patents at issue (Count VII). *Id.* ¶ 97-99.

On November 30, 2015 GTS moved to dismiss Brown's first six claims pursuant to rule 12(b)(6) and to strike several of his defenses pursuant to rule 12(f). Mem. of P. & A. in Support of GTS's Mot. to Dismiss Countercl. And Mot. to Strike ("MTD"), Doc. 114-1. Brown filed an opposition on December 30, 2015. Stan Brown's Opp'n, ("Opposition"), Doc. 126. GTS timely replied. Reply, Doc. 129. The matter was taken off-calendar pursuant to Local Rule 230(g). Doc. 123.

On January 25, 2016 the other third party defendants moved to dismiss Counts I through VI on the basis that this Court does not have personal jurisdiction over them. Doc. 131. In an order filed concurrently with this one, the Court transferred these claims to the U.S. District Court for the District of New Mexico, as to all cross-defendants. The Court severed and retained Count VII (alleged only against GTS and intimately related to the underlying cases). Because Counts I through VI are no longer before this Court, Defendant's motion to dismiss them is moot.  Accordingly, this order only addresses Defendant's motion to strike.

### III. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the

defenses being pleaded.... Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citing 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d, § 1382, pp. 706–07, 711 (1990)), *rev'd. on other grounds*, 510 U.S. 517 (1994). "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co*., Inc., 56 F.R.D. 116, 121, n. 4 (D.P.R.1972). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.,* 217 F.Supp.2d 1028, 1032 (C.D.Cal.2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *See Fogerty*, 984 F.2d at 1527; *Sidney–Vinstein v. A .H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983).

## IV. <u>ANALYSIS</u>

GTS characterizes Brown's fourth through seventh and tenth through eighteenth affirmative defenses, as well as the last three sentences in his eighth affirmative defense as patent-related defenses that have no bearing on Brown since he was not named as a defendant in GTS's patent law counter claims.  MTD at 13.  GTS seeks to strike these defenses as immaterial. *Id.* at 14. Brown responds that he read Counts VIII and IX of GTS's counter claims as alleging patent claims against him. Opposition at 2. This is based on the fact that GTS incorporated its patent law claims by reference into two copyright counts alleged against Brown. *Id.* at 8-9. Upon review of GTS's counterclaims, the Court finds it obvious that GTS only alleged its patent law claims against BECO; while it alleged copyright infringement claims against BECO and Brown. Doc. 95 ¶¶ 406-687. To the extent that this was ever unclear, GTS's briefs on the topic remove any doubt. MTD at 12-14, Reply at 7-9. The Court therefore agrees with GTS that these defenses are immaterial and should be stricken. *Quintana v. Baca*, 233 F.R.D. 562, 565 (C.D. Cal. 2005) (striking affirmative defenses against claims that had not been

pleaded). Because it would be futile at this time, Plaintiff is not granted leave to amend these defenses. For these reasons the Court GRANTS GTS's motion to strike Brown's fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenths affirmative defense, as well as the last three sentences in his eighth affirmative defense.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss and to strike, Doc. 114, as follows:

Counts I-VI are no longer before this Court. Thus, the Court DENIES as MOOT Defendant's request to dismiss them.

The Court GRANTS Defendant's motion to strike Brown's fourth through seventh and tenth through eighteenth affirmative defenses, as well as the last three sentences in his eighth affirmative defense.

IT IS SO ORDERED.

Dated: **February 26, 2016**         /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE