UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECO DAIRY AUTOMATION, INC., <br><br>　　　Plaintiff, <br><br>　v. <br><br>GLOBAL TECH SYSTEMS, INC., and DOES 1-50, <br><br>　　　Defendants. | CASE NO. 1:12-CV-01310-LJO-SKO <br><br><br> MEMORANDUM DECISION AND ORDER DENYING COUNTER DEFENDANT BROWN'S MOTION TO STAY AND DENYING PLAINTIFF BECO DAIRY AUTOMATION, INC.'S MOTION TO BIFURCATE <br><br> (ECF NOS. 154, 160) |
| GLOBAL TECH SYSTEMS, INC., <br><br>　　　Counter-Claimant, <br><br>　v. <br><br>BECO DAIRY AUTOMATION, INC., and STAN BROWN, <br><br>　　　Counter-Defendants. | |

　　　This litigation involves a dispute between Beco Dairy Automation, Inc. ("Beco"), Stan Brown ("Brown"), and Global Tech Systems, Inc. ("GTS") concerning the development and licensing of dairy technology. Now before the Court are Brown's motion to stay (ECF No. 160) and Beco's motion to bifurcate (ECF No. 154). These matters are suitable for resolution without oral

argument pursuant to E.D. Cal. L.R. 230(g). *See* ECF Nos. 161, 166. For the reasons that follow, the Court DENIES both motions.

## BACKGROUND

The procedural and factual history of this case has been documented extensively in previous orders. *See* ECF Nos. 14, 57, 80, 94, 128, 138, 140. The background information relevant to the pending motions is as follows.

Beco's operative fifth amended complaint (ECF No. 81), filed on May 22, 2015, alleges against GTS the following causes of action: breach of contract, fraud, intentional interference with economic relationships; and seeks various forms of declaratory relief. *Id.*

GTS's operative first amended answer and counter-claims (ECF No. 107) ("FAA"), filed on October 12, 2015, includes seven counts of patent infringement, two counts of copyright infringement, a violation of the Digital Millennium Copyright Act, two counts of breach of contract, breach of fiduciary duty, unfair competition, and seeks various forms of declaratory relief. *Id.*

On November 5, 2015, Brown filed an answer to the FAA and his own cross-claims against GTS and third-party defendants Robert and Agnes Borchert, Antonio Fematt, and Madison One Holdings, LLC (collectively, "third-party defendants"). ECF Nos. 110, 110-1. In his cross-claims, Brown alleges that GTS and the third-party defendants are liable for interference with prospective economic advantage (Count I), breach of contract (Counts II & III), breach of fiduciary duty (Counts IV & V), and negligence (Count VI). ECF No. 110-1 ¶¶ 61, 68, 80, 86, 90, 95. Brown also seeks a declaratory judgment against GTS regarding the validity of several patents at issue (Count VII). *Id.* ¶¶ 97-99.

On January 25, 2016, the third-party defendants moved to have Brown's cross-claims transferred to the United States District Court for the District of New Mexico ECF No. 131. The Court granted the motion as to Counts I-VI of Brown's cross-claims, but retained jurisdiction over Count VII. ECF No. 140. The third-party defendants, who are only parties to Counts I-VI of Brown's cross-claims, were therefore dropped from this case. *See id.* Counts I-VI are now pending before the New Mexico District Court under case number 1:16-cv-00146-MCA-GBW ("the New Mexico case").

On July 15, 2016, Beco moved to bifurcate this case into two separate trial categories: (1) "non-technical claims," consisting of the parties' contract, trade secret, and copyright claims; and (2) "technical claims," consisting of the parties' patent claims. ECF No. 154. Brown joined in Beco's motion. ECF No. 156. GTS filed an opposition (ECF No. 158) and Beco filed a reply (ECF No. 159).

On August 19, 2016, Brown moved to stay this case until the New Mexico District Court rules upon Counts I-VI. ECF No. 160. Beco filed a statement of non-opposition (ECF No. 163), GTS filed an opposition (ECF No. 164), and Brown filed a reply (ECF No. 165).

**MOTION TO STAY**

**I. Standard of Review**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Citing *Landis*, the Ninth Circuit has instructed that in determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed," including "the possible damage which may result from the granting of the stay," "the hardship or equity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating … questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

**II. Analysis**

Brown argues that the Court should stay this case because (1) GTS will not be prejudiced by a stay; (2) Brown will suffer hardship and inequity if the case proceeds because he would be "forced to unnecessarily spend more time and money litigating his claim for declaratory judgment regarding inventorship of patents, which will be moot once the New Mexico court rules on [his] claims"; and (3) allowing this case to proceed alongside the New Mexico case would waste judicial resources. ECF No. 160-1 at 4-6.

GTS opposes the stay, arguing, *inter alia*, that it will "suffer palpable harm if the stay is granted," as the stay would "simply allow Beco (of which Brown is an owner and President) to continue infringing on GTS's patents through its wholesale copying of GTS's products, which is the true goal of the joint Beco-Brown maneuvers to delay completing this case." ECF No. 164 at 6. GTS further argues that the claims in the New Mexico case are discrete from the claims before this Court, and that the resolution of the New Mexico case will therefore have limited bearing on the claims in this case. *Id.* at 7-8.

Brown's reply reiterates his claim that the resolution of the New Mexico case will "advance significantly the resolution of this action," adding that if he prevails in the New Mexico case, he will become the sole shareholder of GTS and therefore GTS will no longer sue Brown, which would likely end the litigation between GTS and Beco. ECF No. 165 at 4-6.

The Court finds that a stay is inappropriate in this case. Importantly, Brown's presumption that the resolution of the New Mexico case would "moot" many of the claims in this case and end the litigation between Beco and GTS fails to show that staying this case would simplify the relevant questions of law and fact. Having examined and compared Brown's cross-claims with those pending in this case, the Court finds that the resolution of this action is sufficiently independent from the adjudication of Brown's cross-claims in the New Mexico case. It is not clear that Brown's success on his cross-claims in the New Mexico case would automatically deem him the sole shareholder of GTS, as the relevant prayers for relief in Brown's cross-claims that were transferred to New Mexico seek: 1) enjoining Madison from exercising control over any shares in GTS *until a ruling on Brown's claim for declaratory judgment* [which is Count VII in this case]; 2) enjoining GTS officers from taking any further steps to recognize Madison as having any ownership interest in GTS *until a ruling on Brown's claim for declaratory judgment* [which is Count VII in this case]. ECF No. 110-1 at 23-24 (emphasis added). Indeed, by Brown's own admission, the relief sought in the New Mexico case depends upon the resolution of Count VII, and belies Brown's assertion that resolving Count VII hinges on the resolution of the New Mexico case (ECF No. 160 at 5 ("if Brown prevails in the New Mexico action and the court determines he is entitled to the shares in GTS, Brown's declaratory judgment action regarding the inventorship of patents pending in this court will be moot.")). For

4

these reasons, the Court is not persuaded that judicial economy would be served by granting Brown's motion to stay.

Moreover, because the Court has determined that this case and the New Mexico case are sufficiently distinct, the Court also finds that the balance of hardships weighs against staying this case. GTS's claims that a stay in this case would enable Beco to continue infringing upon its patents demonstrate that there is a "fair possibility"[1] that a stay in this case would work damage to GTS. Brown must therefore "make out a clear case of hardship or inequity in being required to go forward." *See Landis*, 299 U.S. at 255. Brown has failed to do so. His claim of hardship, which was premised upon the interrelatedness of this case with the New Mexico case, is unavailing, and he has not actually demonstrated any burden beyond the normal requirements of litigating a case. *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

As in *Lockyer*, "neither the balance of hardships between the parties, nor the prospect of narrowing the factual and legal issues in the other proceeding, justifies a stay" in this case. *See id*. Accordingly, the Court DENIES Brown's motion to stay.

## MOTION TO BIFURCATE

**I. Standard of Review**

Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) "confers broad discretion upon the district court to bifurcate the trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Courts may consider several factors in determining whether bifurcation is appropriate, including, whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." *Aoki v. Gilbert*, No. 2:11-CV-02797-TLN-CKD, 2015 WL 5734626,

---

[1] The Court expresses no opinion as to the merits of either party's claims at this time. *See North Fork Rancheria of Mono Indians of Cal. v. Cal.*, No. 1:15-cv-00419-AW-SAB, 2016 WL 4208562 at *6-7 (E.D. Cal. Aug. 10, 2016) (finding that *Landis* weighed against a stay because of the possibility of future economic harm to the plaintiff while also acknowledging the possibility that a stay might not result in any damage).

at *4 (E.D. Cal. Sept. 29, 2015) (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)). "The party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." *Id.* (citing cases).

**II. Analysis**

Beco argues that bifurcating this case between the non-technical claims and the technical claims will "simplify and streamline the litigation." ECF No. 155 at 1. Specifically, Beco argues that doing so will minimize potential jury confusion, promote judicial economy, and reduce or eliminate potential prejudice to the parties. ECF No. 155 at 8-12; ECF No. 159 at 4.

GTS opposes bifurcation on the grounds that all of the claims currently before the Court "interrelate and are congruent in time frame," that bifurcation would contravene judicial economy by delaying the disposition of this case by at least one year, that GTS will be prejudiced by delayed resolution of its patent claims, and that the risk of jury confusion is speculative and unfounded. ECF No. 158 at 3-14.

Again, the Court agrees with GTS. First, and most importantly, the technical and non-technical claim are not clearly separable because they share significant overlap in their underlying facts and questions of law. *See Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. C 06-04538 WHA, 2007 WL 219779, at *2 (N.D. Cal. Jan. 29, 2007) ("Overlap in the evidence as between the two claims may militate in favor of one slightly longer trial rather than two long trials."). Upon comparing the operative complaints and counterclaims in this case, the Court finds it indisputable that the products GTS accuses Brown and Beco of infringing upon—the Scan Nexus, PulsNexus, FlowNExus, ParlorScan, and CowID—are "the subject of the Distribution Agreement that both parties now claim the other has breached," and that the "[a]llegations relating to the patents … run through the state-law contract, tort, and trade secret claims for the simple reason that the patents were integral to the relationships among these parties when they [were] all under one roof." ECF No. 158 at 11. Beco's presumptuous contention that "specific interpretation and enforcement of the relevant contracts would limit the scope of infringement claims if not eliminate the patent claims altogether," ECF No. 159 at 4, is completely unfounded given the well-established factual background of this case. *See, e.g., Beco Dairy Automation, Inc. v. Global Tech Systems, Inc.,* 104 F.

6

Supp. 3d. 1023, 1030 (E.D. Cal. 2015). The technical and non-technical claims are not separable, and this factor weighs against bifurcation. *Aoki*, 2015 WL 5734626 at *6.

Relatedly, because the claims are so intertwined, bifurcation would not serve the interests of judicial economy. Beco has failed to show that "bifurcation would improve judicial economy, since bifurcation would result in two separate trials." *Ultimatepointer, L.L.C. v. Nintendo Co.*, No. C14-865RSL, 2014 WL 12304975, at *2 (W.D. Wash. Nov. 19, 2014); *see also Mformation Techs., Inc. v. Research in Motion Ltd.,* No. C 08-04990 JW, 2012 WL 1142537, at *7 n. 32 (N.D. Cal. Mar. 29, 2012) ("a moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary *if* the moving party prevails in the first place, is not sufficient to meet that party's burden of showing that bifurcation is appropriate."). As GTS points out, bifurcation would substantially delay this case. According to the scheduling order, the case is currently set for a 15-day trial that will commence on July 10, 2018. ECF No. 153 at 2. Under Beco's proposed bifurcation, set forth in the parties' joint scheduling order filed on June 6, 2016, the first trial for the "non-technical claims" would end on April 13, 2017, and the second trial on the "technical claims" would begin on January 28, 2019. ECF No. 145 at 34-36. Given that this case has already been plagued with delays, the Court is reluctant to allow any further postponement of the current trial date.

For these reasons, the Court finds that Beco has failed to meet its burden of proving that bifurcation is warranted in this case and DENIES Beco's motion.[2]

**CONCLUSION AND ORDERS**

IT IS HEREBY ORDERED that Beco's motion to bifurcate is DENIED and Brown's motion to stay is DENIED.

IT IS SO ORDERED.

Dated:   **October 6, 2016**              /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Because the Court has determined that the factors discussed form a sufficient basis to deny Beco's motion to bifurcate, the Court need not address the parties' arguments concerning the risk of jury confusion, prejudice, and judicial estoppel by Beco's prior motion to consolidate.